THE HONORABLE RONALD B. LEIGHTON

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHARLES LAEN BERRY,

    Plaintiff,

vs.

ELDON VAIL, Secretary of Department of Corrections, and PATRICK AUSTIN, and the DEPARTMETN OF CORRECTIONS of the State of Washington, and the State of WASHINGTON,

    Defendants.

Case No.: CV08-5044RBL

ORDER

    This matter is before the Court on cross motions for summary judgment [Dkt ## 12; 16]. The Court has considered the motions and attached exhibits in support. Given the Court's disposition of this case, the Court accepts Plaintiff Charles Laen Berry's recitation of the facts as true [Dkt ## 1; 12]. For the reasons set forth below, the Court DENIES Plaintiff's motion, GRANTS Defendants' motion, and DISMISSES the case.

## I. Introduction

    Plaintiff Charles Laen Berry challenges his conviction for failure to follow directions of a Community Corrections Officer (CCO) under the Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution; Article I, section 3 of the Washington Constitution; and common law

ORDER - 1

unlawful imprisonment. He moves this Court for summary judgment on liability [Dkt # 12]. The various defendants move for summary judgment and dismissal [Dkt # 16].

Plaintiff Berry entered an Alford Plea to the charge of Possession of Depictions of a Minor Engaged in Sexually Explicit Conduct on July 26, 2007. Thurston County Superior Court Judge Richard A. Strophy sentenced Berry to thirty days of incarceration and one year in Community Custody, Judge Strophy imposed the mandatory condition of Community Custody requiring Berry to abstain from consumption of controlled substances. Judge Strophy did not impose the "other condition" which would have required Berry to undergo urinalysis (UA) and breath tests for illegal drugs or alcohol.

Berry is currently serving a term of Community Custody imposed under the laws of Washington. On August 20, 2007, Berry reported to his CCO, Defendant Patrick Austin and was informed that Defendant Washington State Department of Corrections (DOC) was requiring him to submit to a UA test. Under DOC Policy 420.380, all offenders in Community Custody who have the controlled substances prohibition are required to be tested. Berry provided a urine sample for UA testing that day.

Subsequent to this test, Berry's attorney sent CCO Austin a letter expressing his position that Berry was not required to submit to UA testing. On September 25, 2007, CCO Austin again required Berry to submit to UA testing, which Berry refused. Berry was then arrested for failure to follow directions of a CCO and held by the DOC for fifteen days before his administrative hearing.[1] At that hearing, he was found in violation of the conditions of his Community Custody and sentenced to fifteen days—time served plus one day. Berry timely appealed the finding, and his appeal was denied by the DOC Regional Appeals Unit. Berry is now challenging that finding before this Court. Notably, Berry does not challenge the imposition of the condition, but seeks money damages for his sentence for non-compliance with the condition.

The remaining defendants are Eldon Vail, the current Secretary of the Department of Corrections for the State of Washington, and the State of Washington.

---

[1] In his reply brief, Berry contends that he was denied an administrative hearing and finding of "probable cause" within three working days of his arrest. This issue was not properly raised and the Court does not consider it here.

ORDER - 2

## II. Discussion

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law. Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). When considering cross-motions for summary judgment, the Court must view any evidence presented as both supporting the presenting party's motion and opposing the other party's motion. *Fair Housing Counsel of Riverside County, Inc. v. Riverside Two*, 249 F.3d 1132, 1135 (9th Cir. 2001). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable [fact finder] could return a [decision] in its favor." *Triton Energy*, 68 F.3d at 1220.

### A. Washington Constitution and Common Law Claims

Berry's claims under the Washington Constitution and Washington common law may be resolved uniformly with regard to all defendants, and the Court addresses those claims first.

Berry claims that his due process rights were violated under the Washington Constitution. Wash. Const. Art I, § 3. However, the Washington due process clause does not constitute an independent cause of action in this type of circumstance. *Spurrell v. Block*, 40 Wn. App. 854, 861 (1985). According to the Washington Court of Appeals, the Washington Constitution protects against arbitrary actions by the government; when an individual has had his day in court, his due process rights have been satisfied. *Id.* Berry does not challenge the procedure of his hearing or appeal. A court may *post hoc* invalidate actions which do not conform with due process, but may not award "reparations." *Id.* Plaintiff's motion for summary judgment on his

ORDER - 3

Washington constitutional claim is DENIED; Defendants' motion for summary judgment is GRANTED.

Berry also claims that he was subjected to false arrest in violation of the common law. "[P]robable cause is a complete defense to an action for false arrest and imprisonment." *Hanson v. City of Snohomish*, 121 Wn.2d 552, 563-64 (1993). Failure to follow instructions of a CCO, as a crime itself, is sufficient grounds for probable cause.

Berry argues that his Judgment and Sentence excluded the "other condition" requiring him to undergo UA tests, and that CCO Austin needed probable cause to require him to submit a urine sample for testing. Under Washington law, UA tests are not an affirmative condition of Community Custody, but are only a monitoring tool. *Riles*, 135 Wn.2d at 340; *see State v. Parramore*, 53 Wn. App. 527, 530 (1989) (distinguishing drug-use monitoring efforts from substance-abuse treatment programs). The UA tests were required to monitor compliance with the mandatory condition of abstention from controlled substances. Judgment and Sentence [Dkt # 15]. While Berry is correct that UA testing was not required in his Judgment and Sentence, the DOC has the independent authority to require Berry to undergo UA tests to ensure compliance with his judgment and sentence.[2] RCW 9.94A.030(11); *id.* at .715(2)(c); *see State v. Riles*, 135 Wn.2d 326, 340 (1998); *State v. Julian*, 102 Wn. App. 296, 305 (2000).

The DOC may not impose conditions contrary to those ordered by the court, RCW 9.94A.715(2)(c), and did not do so here. Judge Strophy did not include the condition that Berry undergo UA testing, but this is not an explicit act contrary to the DOC's policy. Rather, the DOC is specifically empowered to require compliance with monitoring tools, such as UA testing, and was acting within its statutory authority. *See Riles*, 135 Wn.2d at 340; *Parramore*, 53 Wn. App. at 530; RCW 9.94A.030(11); *id.* at .715(2)(c).

Berry then challenges this condition on the grounds that it was not related to his offense. Because Washington law does not consider UA testing an actual condition of Community

---

[2] Berry argues he was not properly informed of the imposed requirement, apparently, on the theory that he did not sign the document [Dkt # 20, at 5; # 17, exh. D]. State law requires written notice when the testing requirement is imposed. RCW 9.94A.715. Exhibit D notes Berry's refusal to sign and it is properly witnessed. This is evidence that the notice requirement is satisfied and Berry's mere assertion of a disputed fact is insufficient to bring the issue into question. *See Celotex Corp. v. Catrett*, 477 U.S. at 324.

ORDER - 4

Custody it is not subject to the limitations which govern conditions. *State v. Jones*, 118 Wn. App. 199, 206 (2003); *see* RCW 9.94A.715(2)(c). Even if it was, the nature of the relationship between the offense and the condition of Community Custody are not described in the statute and are left to the discretion of the sentencing judge. *Parramore*, 53 Wn. App. at 530. This Court does not have jurisdiction to evaluate the sentencing judge's exercise of discretion under Washington law.

To enforce the valid controlled substance prohibition condition of Community Custody, the DOC has authority to require Berry to undergo UA tests to monitor compliance. RCW 9.94A.715(2)(b). The DOC is authorized by both state law the conditions of Berry's Judgment and Sentence to impose testing, not as an affirmative requirement, but to ensure compliance. *Parramore*, 53 Wn. App. at 530. If Berry did not believe this requirement was validly imposed, his remedy was to appeal the imposition under the established administrative procedure. RCW 9.94A.715(7). By not appealing the DOC's imposition of the added UA testing requirment, Berry implicitly accepted it as valid. Berry was arrested for failure to comply with a valid CCO direction, he admits this fact, and cannot claim his arrest lacked probable cause. Plaintiff's motion for summary judgment on his common law claim is DENIED; Defendants' motion for summary judgment is GRANTED.

**B. Federal Constitutional Rights Claims**

Berry also brings claims under the Fourth, Fifth, and Fourteenth Amendments. Claims under these Amendments are actionable through 42 U.S.C. § 1983.[3] The Court addresses each defendant in turn.

**a. The State of Washington and the Washington DOC**

The Eleventh Amendment bars suits against states in federal court without the state's consent. U.S. Const. amend. 11. Washington has given its consent to be sued in its courts, but has not extended that permission to federal courts. RCW 4.92.010. Washington and its DOC are therefore immune from suit in this Court and their motion for summary judgment is GRANTED. Plaintiff's motion for summary judgment is DENIED.

---

[3] Although the parties have not briefed the issue and the Court does not make any ruling on the issue, Berry's § 1983 claim appears to be barred by Supreme Court precedent. *See Heck v. Humphrey*, 512 U.S. 477 (1994).

ORDER - 5

### b. Eldon Vail, Secretary of the DOC

Absent personal participation, a state official acting in his official capacity is not vicariously liable under § 1983. *Weisbuch v. County of Los Angeles*, 119 F.3d 778, 781 (9th Cir. 1997). Further, a State's officials are not persons under § 1983 when sued in their official capacity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Eldon Vail is therefore immune from § 1983 suit, and his motion for summary judgment is GRANTED. Plaintiff's motion is DENIED.

### c. CCO Patrick Austin

Berry's theory of constitutional deprivations is dependent on the argument that undergoing UA tests was not itself a condition of his Community Custody, but was only permissible if probable cause existed for violation of the prohibition on use of controlled substances. As discussed in part II(A) above, this analysis is wrong.

Undergoing UA tests was itself a condition imposed by the DOC pursuant to court order and statutory authority. *See* RCW 9.94A.715(2)(b). CCO Austin did not need probable cause to require Berry to undergo a UA examination. All that is required to arrest a parolee is a reasonable suspicion that the parolee has violated a condition of supervision. *United States v. Rabb*, 752 F.2d 1320, 1323-24 (9th Cir. 1984) (parolee's privacy interest is less than that of an ordinary citizen). CCO Austin witnessed Berry's refusal to undergo a UA, giving him not just reasonable suspicion but actual knowledge that Berry had violated that condition of his release. Therefore, CCO Austin did not seize Berry in violation of his constitutional rights.

CCO Austin did not participate further in the alleged constitutional violations and no theory of liability can reach him. Patrick Austin's motion for summary judgment is GRANTED. Plaintiff's motion for summary judgment is DENIED.

Even if CCO Austin did not have reasonable suspicion, he was acting reasonably pursuant to his duties as a CCO and is entitled to qualified immunity. *Saucier v. Katz*, 533 U.S. 194 (2001). Such immunity is a freedom from suit, not simply a defense to liability. *Id.* at 200. The appropriate question is "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* at 202. As discussed and accepted by Berry,

CCO Austin was acting under his duty as a CCO. RCW 9.94A.720. He acted reasonably because the UA requirement had been mandated under established DOC procedures and was still in effect. CCO Austin had a reasonable belief that the UA requirement was valid and enforceable, and he is therefore immune from suit.

### III. Conclusion

Washington due process rights are not an independent cause of action which can award monetary damages under Washington law. Plaintiff's motion for summary judgment on that claim is DENIED [Dkt # 12]; Defendants' motion for summary judgment is GRANTED [Dkt # 16]. The common law claim of false arrest has a complete defense of probable cause, which is present here. Plaintiff's motion for summary judgment on that claim is DENIED [Dkt # 12]; Defendants' motion for summary judgment is GRANTED [Dkt # 16]. With regard to the § 1983 claim, Washington and its DOC are immune from suit in federal courts under the Eleventh Amendment, Secretary Eldon Vail is not a person under § 1983, and CCO Patrick Austin had sufficient grounds for a lawful arrest. Plaintiff's motion for summary judgment on that claim is DENIED [Dkt # 12]; Defendants' motion for summary judgment is GRANTED [Dkt # 16]. This Order resolves all claims before this Court and this case is DISMISSED.

IT IS SO ORDERED.

Dates this 1st day of August 2008.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE